The Honorable Kathy Webb State Representative Post Office Box 251018 Little Rock, Arkansas 72225-10178
Dear Representative Webb:
I am writing in response to your request for an opinion concerning a proposed transaction between an employee of the University of Arkansas for Medical Sciences ("UAMS") and UAMS purchasing. You state that the employee "reports that purchasing will not allow him to be set up as a vendor because he is employed by the state." You have asked in this regard:
 Could you please opine whether or not the conflict of interest statutes place a total ban on a UAMS employee listing himself or his company as a vendor with UAMS purchasing?
RESPONSE
I assume that by referring to the "conflict of interest statutes," you mean the conflict of interest provisions of the Arkansas Procurement Law, A.C.A. § 19-11-701 — 717 (Repl. 2007). These provisions may not be entirely clear regarding the limitations on state employees contracting to sell commodities to the state. One provision — A.C.A. § 19-11-705
— speaks in terms of an employee's "participation" in a "procurement request," id. at subsection (a)(2), suggesting that the intent may be to prohibit an employee's participation in the decision-making process concerning the sale. See Op. Att'y Gen. Nos. 97-293; 89-017; 86-402. However, another provision — A.C.A. § 19-11-709(d) — establishes a one-year prohibition against sales of commodities or services to the state by former employees. The negative implication is that such sales are prohibited during the employment period. *Page 2 
It is difficult to reconcile these statutory provisions. Legislative clarification appears warranted. I consequently cannot definitively opine in response to your question concerning the conflict of interest statutes. You should be aware, however, that the matter of state employees contracting with the state is also addressed in Executive Order 98-04 (signed February 27, 1998), as well as the rules and regulations of the Department of Finance and Administration (DFA) implementing the Executive Order (DFA Rules and RegulationsImplementing Governor's Executive Order 98-04 and Act 34 of 1999
(revised January 1, 2003)). I suggest that you contact these sources for further guidance concerning particular transactions.
You should also be aware that UAMS has its own procurement official who is charged with the power and duty to supervise the procurement of all commodities for UAMS. A.C.A. § 19-11-220(a)(13) and (b)(1).[1]See also A.C.A. § 6-64-213 (Repl. 2003). This official is granted "all rights and practices" of the State Procurement Director in administering UAMS procurement contracts. See A.C.A. § 19-11-220(c).[2] This broad grant of authority must therefore be recognized when addressing the question of a UAMS employee's desire to be listed as a vendor with UAMS. In my opinion, that question must be addressed in the first instance by the UAMS procurement official, and the answer may not turn solely on the general limitations applicable to state employees contracting to sell commodities to the state.
Finally, because your question appears to contemplate a particular transaction, I should note that the Director of the Department of Finance and Administration is authorized pursuant to A.C.A. § 19-11-715
to issue advisory opinions to *Page 3 
"employees or contractors . . . regarding the appropriateness of the course of conduct to be followed in proposed transactions." Id. at (b). This statute further provides:
 Such requests and advisory opinions may be duly published in the manner in which regulations of this state are published. Compliance with the requirements of a duly promulgated advisory opinion of the director shall be deemed to constitute compliance with the ethical standards of this subchapter.
Id.
You may therefore wish to present your question concerning a proposed transaction to the Director of the Department of Finance and Administration for his advisory opinion under the authority of this statute.
Deputy Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
DM:EAW/cyh
[1] Pursuant to subsection 19-11-220(b)(1), this official "shall manage and establish internal procedures for the procurement office of [UAMS] to ensure adequate administrative procedures and controls pursuant to law and the procurement regulations."
[2] Subsection 19-11-220(c) provides in full:
 Except for the promulgation by the State Procurement Director of rules and regulations authorized in this subchapter and the letting of state contracts, all rights and practices granted herein to the Office of State Procurement and the State Procurement Director are granted to an official in the administration of contracts for the state agency authorized to have the official.
A.C.A. § 19-11-220(c) (Repl. 2007).

 *Page 1